IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW STARKS, | ) | CASE NO: 1:25-cv-1796 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| v. | ) | |
| | ) | |
| THE SALVATION ARMY, *et al.*, | ) | **ORDER & OPINION** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants The Salvation Army ("Salvation Army") and Express Scripts, Inc. ("Express") (together, "Defendants") joint motion to compel arbitration and dismiss Plaintiff Matthew Starks' complaint. ECF 7. The Defendants' motion was filed on September 3, 2025. No opposition was filed. For the reasons stated herein, Defendants' motion is **GRANTED**.

**I.     STANDARD OF REVIEW**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "manifests 'a liberal policy favoring arbitration agreements.'" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). When a party is aggrieved by another party's failure to arbitrate in accordance with a written agreement to do so, that party "may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for'" by the contract. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 4). The FAA "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Id.* at 67 (citation omitted). While the FAA generally preempts state law governing arbitration agreements, *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984), courts look to state contract law to determine whether the arbitration clause itself was validly obtained, *Dr.'s Assocs.,*

1

*Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). Under Ohio law, "[f]or a valid contract to exist, there must be an offer on one side, an acceptance on the other side, and mutual assent between the parties with regard to the consideration for the bargain." *Tidewater Fin. Co. v. Cowns*, 2011-Ohio-6720, ¶ 12, 968 N.E.2d 59, 63 (Ct. App.) (quotation omitted).

## II. DISCUSSION

Starks is a former employee of Express, which is a temporary staffing agency that works to provide other businesses with workers. ECF 7-1, Homsey Aff. ¶ 2. When Starks was onboarding with Express on September 29, 2023, he was required to sign—and did, in fact, sign[1]—a mutual arbitration agreement ("Agreement") as a condition of his employment. *Id.* ¶¶ 4-6; *see also id.* Ex. A-1 at 2. As part of the Agreement, the parties agreed that the Agreement would be governed by the FAA. *Id.* Ex. A-1, ¶ 1. In relevant part, the Agreement states that

> [e]xcept as provided below, both the Company and You (on behalf of Yourself as well as Your heirs, spouse, successors, assigns, and agents) agree all legal disputes and claims between them shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described in this Agreement. Except as provided below, **claims subject to this Agreement include without limitation: all claims pertaining to Individual's employment relationship with the Company**, or the formation or termination of the employment relationship; **all claims for discrimination, harassment, or retaliation**; wages; overtime; benefits; or other compensation; breach of any express or implied contract; violation of public policy; negligence or other tort claims, including without limitation defamation, fraud, and infliction of emotional distress; **and violation of any federal, state, or local law, statute, regulation, or ordinance** ("Claims"). Except as provided below, Individual and the Company voluntarily waive all rights to trial in court before a judge or jury on all Claims covered by this Agreement. **Claims against the Company subject to this Agreement shall include claims against** the Company's parents, subsidiaries, affiliates, franchisees, alleged agents, and **alleged joint**

---

[1] Starks appears to have signed the Agreement using an electronic signature. Exhibit A-2 to the Homsey Affidavit, ECF 7-1, is an "E-Signature Disclosures and Consent" form, also appearing to have been signed by Starks electronically on the same day that Starks signed the agreement. For the reasons discussed, *infra*, Starks' failure to file any opposition to the Defendants' motion allows the Court to accept these documents as true and accurate copies.

2

> **or co-employers**, and their respective directors, officers, employees, and agents, whether current, former, or future.

*Id.* (emphasis added). The Agreement also contains an acknowledgement that "**[t]he Parties agree that they have read this Agreement, have been given the opportunity to consult with an attorney, understand its terms, have entered into it voluntarily, and agree to arbitration.**" *Id.* at 2 (emphasis in original). After Starks completed his onboarding, Express placed him with Salvation Army.

Starks did not file any response in opposition to the Defendants' motion. Under the terms of the FAA, if the opposing or non-moving party fails to place the validity of the agreement "in issue," then the Court must enforce the arbitration agreement as written. 9 U.S.C. § 4 ("[T]he court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). "The question whether the party opposing arbitration has put the making of the arbitration contract 'in issue' looks a lot like the question whether a party has raised a 'genuine issue as to any material fact.'" *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 838 (6th Cir. 2021) (quoting Fed. R. Civ. P. 56(c)). Since Starks did not file any opposition to Defendants' motion, the Court finds that the arbitration agreement is not "in issue," including whether Starks knew of the arbitration agreement and its contents, and whether Starks agreed to be bound by the arbitration agreement. *See Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (holding that the burden is on "the party opposing arbitration [to] show a genuine issue of material fact as to the validity of the agreement to arbitrate" and that this requirement mirrors the standards applied to summary judgment); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for the purposes of the motion.").

Thus, the only thing for the Court to determine here is whether the arbitration agreement

encompasses Starks' claims. In his complaint, Starks brings claims for: (1) race discrimination; (2) ethnicity discrimination; (3) national origin discrimination; (4) hostile work environment on the basis of race; (5) retaliation; and (6) aiding, abetting, compelling and inciting of discrimination—all under Ohio Revised Code § 4112.02. ECF 1-1, Compl. at 16-23. All of Starks' claims arise from his temporary placement, and subsequent removal from that placement, by Express at Salvation Army's Avon, Ohio thrift store. It is clear from the plain language of the Agreement that the arbitration agreement is intended to encompass all of Starks' claims. Additionally, since the Agreement states that it also applies to "claims against the Company's . . . alleged joint or co-employers," and Starks admits that he was assigned by Express to work as a Temporary Worker at Salvation Army, *id.*, ¶¶ 13-14, the arbitration agreement encompasses the claims against both Defendants as alleged joint or co-employers.

### III. CONCLUSION

There is no dispute as to the validity of the Agreement. Starks did not oppose Defendants' assertion that the Agreement encompasses all of Starks' claims against both Defendants, and the Court comes to the same conclusion after conducting its own analysis. Thus, Defendants' motion to compel arbitration is **GRANTED**. Since no party requested that the litigation be stayed pending the conclusion of the arbitration,[2] Defendants' motion for dismissal is also **GRANTED** and Starks' complaint is **DISMISSED WITHOUT PREJUDICE**.

    IT IS SO ORDERED.


Dated: October 8, 2025                        */s/ Dan Aaron Polster*
                                                                   **Dan Aaron Polster**
                                                                   **United States District Judge**

---

[2] When the moving party seeks arbitration of the entire lawsuit, and no party as requested a stay under Section 3 of the FAA, it is unnecessary for the Court to conduct an analysis under *Smith v. Spizzirri*, 601 U.S. 472, 477-78 (2024), whether to stay or dismiss the proceedings, in whole or in part. *See Gavette v. United Wholesale Mortgage, LLC*, 2025 WL 318224, *3 (6th Cir. Jan. 28, 2025).